# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MARK R. PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV1883 RWS |
| | ) | |
| T. CREWS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motions of plaintiff (registration no. 1088908), an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to commence this action without payment of the required filing fee [Doc. #2 and #10]. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.75. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has

insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.75, and an average monthly balance of $0. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.75, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune

from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in

determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 alleging violations of his due process rights. Named as defendants are: T. Crews (Functional Unit Manager); John Doe (Correctional Officer); Ms. M. Figge (Correctional Officer); Ms. R. Palmer (Substance Abuse Counselor I); Ms. Michelle Gomas (Substance Abuse Counselor II); Jason Finch (Board Hearing Officer); John Colligan (Program Director); James Crump (Functional Unit Manager). Plaintiff sues defendants in their individual and official capacities.

Plaintiff alleges that on August 10, 2010, while he was incarcerated at Farmington Treatment Center ("FTC"), he was assaulted by another inmate. Defendant Figge issued plaintiff a conduct violation for "engaging in an unauthorized physical struggle." Plaintiff's initial disciplinary hearing was held in front of defendant Crews and John Doe Correctional Officer. Prior to his hearing plaintiff requested that the video evidence from the facility's cameras be introduced to demonstrate his innocence. The request was denied. Plaintiff was sentenced to twenty (20) days in disciplinary segregation. Plaintiff claims that he is not asserting a violation of his due process rights with respect to his placement in disciplinary

segregation, but instead, he is claiming a denial of due process in defendants' failure to allow him the videotape evidence at the hearing.

Plaintiff is also alleging a violation of his due process rights with respect to his loss of his "FTC graduation date." Plaintiff claims that if he would not have been given the false conduct[1] violation by defendant Figge, he would have graduated from the FTC Treatment Program on time and would not have continued to be "incarcerated past his 9/2/2010 estimated FTC Treatment graduation date."

Plaintiff additionally claims that when he was able to return to the FTC Treatment Program on July 2, 2013 he was expected to complete the program on December 31, 2013. However, he claims that twenty-three (23) days into the program several of the named defendants began to retaliate against him when they found out he had exercised his First Amendment Rights and filed a lawsuit relating to his early termination from the FTC Treatment Program in 2010. See Perry v. Luebbers, 4:11CV158 RWS (E.D. Mo.). Plaintiff claims that defendants Finch, Palmer, Gomas, Colligan and Figge all engaged in retaliatory acts against him, eventually resulting in his second dismissal from the FTC Treatment Program.

**Discussion**

---

[1]Plaintiff claims that defendant Figge lied when she said she witnessed the altercation between plaintiff and the other inmate.

Plaintiff's complaint alleges that the purported actions of the named defendants violated his constitutional rights because he was found guilty of a violation of the Missouri Department of Correction's rules, "given a conduct violation," had his "good time credits" taken away and this, in turn, caused an extension of his "conditional release date."

Inmates do not have a liberty interest in conditional release, or an "early out" date. Greenholtz v. Inmates of Neb. Penal Corr. Complex, 442 U.S. 1, 7 (1979) ("there is no constitutional inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"). Inmates only have a constitutional liberty interest in conditional release if such an interest is created by state statute. Id. Missouri does not by statute create a liberty interest in conditional release. Adams v. Agniel, 405 F.3d 643, 644 (8th Cir.2005); Johnson v. Missouri Bd. of Prob. & Parole, 92 S.W.3d 107, 113–14 (Mo.App.2002); Dace v. Mickelson, 816 F.2d 1277, 1280–81 (8th Cir.1987). Because Missouri inmates have no liberty interest in conditional release, they also have no liberty interest in any condition or conditions imposed as a part of their grant of conditional release. See Patterson v. Webster, 760 F.Supp. 150, 153 (E.D.Mo.1991) (because no liberty interest in conditional release, no procedural protections attach to the conditions imposed by the Parole Board). As such, plaintiff's allegations fail to state a claim upon which relief

may be granted relating to his removal from the FTC program, the loss of his "good time credits" and the loss of his "conditional release date."

Although plaintiff states that he is not attacking the procedure by which he was mandated to spend twenty (20) days in administrative segregation after receipt of the conduct violation and removal from the FTC program, the Court will address any denial of due process claim he might have with relation to such. The Court will do so in an abundance of caution, given that plaintiff is asserting a denial of his due process rights with regard to the fact that he was allegedly denied access to video evidence in his administrative hearing process.

In order to determine whether plaintiff "possesses a liberty interest, [the Court must] compare the conditions to which [plaintiff] was exposed in segregation with those he . . . could 'expect to experience as an ordinary incident of prison life.'" Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) (quoting Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997)). In this context, the Court "do[es] not consider the procedures used to confine the inmate in segregation." Id. (citing Kennedy v. Bankenship, 100 F.3d 640, 643 (8th Cir. 1996)). For plaintiff "to assert a liberty interest, he must show some difference between [the] conditions in segregation and the conditions in the general population which amounts to an atypical and significant hardship." Id. Plaintiff makes no such assertions in the complaint. As a result,

plaintiff has failed to allege that defendants have infringed upon a constitutionally protected liberty interest with regard to the process used to place plaintiff in administrative segregation for a period of twenty (20) days.

As for plaintiff's allegations that he was unlawfully denied videotape evidence in the review process leading up to his administrative hearings, the Court additionally finds no constitutional violations with respect to this claim.

A plaintiff challenging a disciplinary hearing must show that the punishment intrudes on a protected liberty interest "so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that the state-created right is not arbitrarily abrogated." Madison v. Parker, 104 F.3d 765, 768 (5th Cir.1997) (citing Wolff v. McDonnell, 418 U.S. 539, 557). The Supreme Court has explained that many of the restraints of prison life do not violate the Constitution:

> [T]hese [liberty] interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, ... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 484 (1995). The Fifth Circuit has further explained that "these interests are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner."

Madison, 104 F.3d at 767; see, e.g., Sandin, 515 U.S. at 485–86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement); Hemphill v. Delo, 124 F.3d 208 (8th Cir.1997) (same; four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation); Freitas v. Ault, 109 F.3d 1335, 1337–38 (8th Cir.1997)(same; ten days administrative segregation and thirty days on "on-call" status, as well as loss of higher paying job and numerous privileges); Wycoff v. Nichols, 94 F.3d 1187, 1190 (8th Cir.1996)(same; ten days disciplinary detention and 100 days in maximum-security cell). Under the standards set forth in Sandin, the loss of twenty (20) days in administrative segregation cannot be said to be atypical, significant deprivations that would encroach upon any liberty interest such that the right to the videotape evidence would arise.

Moreover, it appears that plaintiff may be taking issue with a prison rule that disallows the admission of video evidence before administrative hearings. A federal court's inquiry is not whether prison regulation was violated but whether the Constitution was violated. Griffin–Bey v. Bowersox, 978 F.2d 455, 457 (8th Cir.1992) (per curiam).

The Court will last address plaintiff's claims that he was retaliated against, under the First Amendment, by defendants Finch, Palmer, Gomas, Colligan and Figge

when he returned to the FTC Treatment Program in July of 2013. Plaintiff has alleged enough facts to assert retaliation claims against these defendants in their individual capacities, as such, the Court will order the Clerk to issue process on these defendants with regard to these claims. The claims against these defendants in their official capacities, however, will be dismissed, as claims against government officials in their official capacities are the equivalent of naming the government entity that employs the official, in this case the State of Missouri. The State of Missouri is not a "person" under 42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

Plaintiff's motions for appointment of counsel, however, will be denied at this time. There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering these factors, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time. Plaintiff has so far articulated his claims in a meaningful and thoughtful manner before this Court. Although plaintiff states that he is in need of counsel to assist him with his claims, his pleadings before this Court show otherwise.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions to proceed in forma pauperis [Doc. #2 and #10] are **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.75 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue, through the waiver agreement with the Missouri Attorney General's Office, upon plaintiff's First Amendment retaliation claims in the second amended

complaint as to defendants Jason Finch, Ms. R. Palmer, Michelle Gomas, John Colligan and Ms. M. Figge in their individual capacities only. The Clerk shall not issue process on plaintiff's claims against these defendants in their official capacities, as these claims are subject to dismissal.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Jason Finch, Ms. R. Palmer, Michelle Gomas, John Colligan and Ms. M. Figge, in their individual capacities, shall reply to plaintiff's claims of First Amendment retaliation in his second amended complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the second amended complaint as to defendants T. Crews and John Doe[2] because, as to these defendants, the second amended complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon plaintiff's second amended complaint as to plaintiff's claims for due process violations relating to his loss of "good time credits," removal from

---

[2]In general, fictitious parties may not be named as defendants in a civil action. Phelps v. United States, 15 F.3d 735, 739 (8th Cir. 1994). It appears that the only claims relating to "John Doe" are in regard to the due process claims being dismissed. Thus, he will also be dismissed without prejudice.

the FTC Treatment program in August 2010, his loss of a "conditional release date" relating to 2010, his placement in administrative segregation for twenty (20) days, and inability to use videotape evidence during his administrative hearing for a conduct violation he received in 2010.

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel [Doc. #4 and #13] are **DENIED**.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 5th day of February, 2014.

                                                    RODNEY W. SIPPEL
                                                    UNITED STATES DISTRICT JUDGE