# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MARK R. PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV1883 RWS |
| | ) | |
| MARGARET FIGGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendants' motion for summary judgment under 42 U.S.C. § 1997e(a) for plaintiff's failure to exhaust his administrative remedies. For the reasons stated below, defendants' motion for summary judgment will be granted.

## Background

Plaintiff filed the instant action on September 20, 2013, pursuant to 42 U.S.C. § 1983, alleging violations of his due process rights. Named as defendants in his second amended complaint were: T. Crews (Functional Unit Manager); John Doe (Correctional Officer); Margaret Figge (Correctional Officer); Ms. R. Palmer (Substance Abuse Counselor I); Ms. Michelle Gomas (Substance Abuse Counselor II); Jason Finch (Board Hearing Officer); John Colligan (Program Director); and James Crump (Functional Unit Manager). Plaintiff sued defendants in their individual and official capacities.

In his second amended complaint, plaintiff alleges that on August 10, 2010, while he was incarcerated at Farmington Treatment Center ("FTC"), he was assaulted by another inmate. He asserts that as a result of this incident, defendant Figge issued him a conduct violation for "engaging in an unauthorized physical struggle." Plaintiff claims that he underwent a disciplinary

hearing related to the aforementioned incident, which was held in front of defendant Crews and John Doe Correctional Officer. Prior to his hearing, plaintiff asserts that he requested that the video evidence from the facility's cameras be introduced to demonstrate his innocence. The request was denied. After the hearing, plaintiff was sentenced to twenty (20) days in disciplinary segregation. In the second amended complaint, plaintiff asserts a violation of his due process rights with respect to defendants' refusal to allow him the videotape evidence at the hearing.

Plaintiff also alleges a violation of his due process rights with respect to his loss of his original "FTC graduation date." Plaintiff claims that if he would not have been given the false conduct[1] violation by defendant Figge, he would have graduated from the FTC Treatment Program "on time" and would not have continued to be "incarcerated past his 9/2/2010 estimated FTC Treatment graduation date."

In his second amended complaint, plaintiff additionally claims that when he was able to return to the FTC Treatment Program on July 2, 2013, he was expected to complete the program on December 31, 2013. However, he asserts that twenty-three (23) days into the program, several of the named defendants began to retaliate against him when they found out he had exercised his First Amendment Rights and filed a lawsuit relating to his prior early termination from the FTC Treatment Program in 2010. *See Perry v. Luebbers*, 4:11CV158 RWS (E.D. Mo.). Plaintiff claims that defendants Finch, Palmer, Gomas, Colligan and Figge all engaged in retaliatory acts against him, eventually resulting in his second dismissal from the FTC Treatment Program.

Plaintiff was granted leave to proceed in forma pauperis in this action on February 5, 2014, and at that time, his second amended complaint was reviewed, pursuant to 28 U.S.C. § 1915, for

---

[1] Plaintiff claims that defendant Figge lied when she said she witnessed the altercation between plaintiff and the other inmate.

frivolousness, maliciousness and for failure to state a claim. In the Court's February 5, 2014 Memorandum and Order of plaintiff's second amended complaint, the Court characterized plaintiff's claims as follows:

> Plaintiff's complaint alleges that the purported actions of the named defendants violated his constitutional rights because he was found guilty of a violation of the Missouri Department of Correction's rules, 'given a conduct violation,' had his 'good time credits' taken away this, in turn, caused an extension of his 'conditional release date.'

The Court noted that inmates in Missouri do not have a liberty interest in conditional release dates, and thus, there are no procedural due process rights connected to the loss of good time credits in Missouri. As such, the Court found that plaintiff's allegations failed to state a claim for relief with respect to his due process claims. *See, e.g., Greenholtz v. Inmates of Neb. Penal Corr. Complex*, 442 U.S. 1, 7 (1979); *Adams v. Agniel*, 405 F.3d 643, 644 (8th Cir. 2005); *Johnson v. Missouri Bd. of Prob.& Parole*, 92 S.W.3d 107, 113-14 (Mo.App.2002); *Patterson v. Webster*, 760 F.Supp. 150, 153 (E.D.Mo.1991).

The Court further noted that plaintiff had failed to assert a denial of his due process rights with regard to the denial of videotape evidence at his administrative hearing in 2010, as well as his placement in administrative segregation for twenty (20) days after receipt of the conduct violation. *See, e.g., Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Griffin-Bey v. Bowersox*, 978 F.2d 455, 457 (8th Cir. 1992).[2]

---

[2] The only allegations in plaintiff's second amended complaint against defendant James Crump deal with plaintiff's assertions of due process violations with respect to his hearing rights and subsequent placement in administrative segregation. As the Court has already held that plaintiff was not denied due process during his 2010 administrative hearing in his prior Memorandum and Order, plaintiff's claims against defendant Crump should have been dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B), in the Order of Partial Dismissal. As the entirety of plaintiff's action will now be dismissed due to plaintiff's failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e, plaintiff's claims against Mr. Crump will be extinguished with those against the

However, the Court issued process on plaintiff's individual capacity claims[3] that he was retaliated against, under the First Amendment, by defendants Finch, Palmer, Gomas, Colligan and Figge, when he returned to the FTC Treatment Program in July of 2013.

On April 7, 2014, defendants filed a motion to dismiss plaintiff's complaint, pursuant to Fed.R.Civ.P.12(b)(6), on the basis of qualified immunity and for failure to state a claim upon which relief could be granted with respect to the retaliation claims. On that same date, defendants also filed a motion for summary judgment, pursuant to 42 U.S.C. § 1997e(a), asserting a right to dismissal of plaintiff's complaint due to his failure to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA").

Plaintiff filed a motion to stay in response to defendants' motion for summary judgment. In the alternative, plaintiff requested an extension of time to exhaust his administrative remedies. *See* Doc. #27. Because the PLRA does not allow for such a remedy, the Court must deny plaintiff's motion. *See, e.g.,Johnson v. Jones*, 340 F.3d 624, 627-28 (8th Cir. 2003) ("Under the plain language of Section 1997e(a), an inmate must exhaust administrative remedies before filing suit in federal court."); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (plaintiff cannot remedy his failure to exhaust by filing grievances three and a half years later).

Having decided that defendants' motion for summary judgment is ripe for disposition, the Court will now turn to the merits of the motion.

---

remaining defendants.

[3] The Court dismissed plaintiff's official capacity claims against defendants. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (finding the state is not a "person" under 42 U.S.C. § 1983).

4

**Legal Standard**

The PLRA requires that prisoners seeking relief in federal court must first exhaust the administrative remedies available at the prison level. 42 U.S.C. § 1997e(a). If exhaustion of administrative remedies is not completed at the time the lawsuit is filed, dismissal of the action is mandatory under the PLRA. *Johnson,* 340 F.3d at 627–28. The PLRA's administrative exhaustion requirement is an affirmative defense that defendant has the burden to plead and prove. *Nerness v. Johnson,* 401 F.3d 874, 876 (8th Cir.2005). Where a motion for summary judgment is founded on an affirmative defense, the moving party has the burden to present facts establishing that defense. *See Ballard v. Rubin,* 284 F.3d 957, 964 n. 6 (8th Cir.2002).

The standards governing a motion for summary judgment are well settled. Rule 56 of the Federal Rules of Civil Procedure permits a district court to grant summary judgment with respect to an affirmative defense if the defendant shows that there is no genuine dispute as to any material fact and the defendant is entitled to judgment as a matter of law. A district court has discretion to determine when an issue is ripe for summary judgment. *Burton v. Hoskins,* No. 1:10CV00165 SNLJ, 2011 WL 1885347, at *2 (E.D.Mo. May 18, 2011) (citing *Pony Computer, Inc. v. Equus Computer Sys. of Mo., Inc.,* 162 F.3d 991, 996 (8th Cir.1998)). "Discovery does not need to be complete before a case is dismissed on summary judgment." *Id.* (citing *Dulany v. Carnahan,* 132 F.3d 1234, 1238 (8th Cir.1997)).

**Discussion**

Defendants argue that summary judgment is warranted as plaintiff failed to fully exhaust his administrative remedies prior to filing the instant lawsuit. Under the PLRA, a prisoner may not bring a § 1983 action unless he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a). Exhaustion under the PLRA is defined by the prison's grievance procedures. Exhaustion

under the PLRA means proper exhaustion, which is compliance with an agency's deadlines and other critical procedural rules. *Woodford,* 548 U.S. at 90.

For a Missouri prisoner to exhaust all administrative remedies, he must file: (i) an informal resolution request ("IRR"); (ii) a grievance; and (iii) a grievance appeal. *See* Missouri Department of Corrections–Department Manual ("Department Manual"), D5–3.2, § III(K)-(M). *See Foulk v. Charrier,* 262 F.3d 687, 694 (8th Cir.2001); *Dashley v. Corr. Med. Serv.,* 345 F.Supp.2d 1018, 1022–23 (E.D.Mo.2004).

The IRR is "[t]he first attempt to resolve an offender's complaint through discussion between the offender and the appropriate staff with documentation of this attempt," and should be filed within *15 calendar days* of the alleged incident. Department Manual (emphasis added). If an inmate is not satisfied with the IRR response, he may then file an Offender Grievance within seven (7) calendar days after receiving the response on the IRR. *Id.* If an inmate is not satisfied with the grievance response, he may file an offender grievance appeal within seven (7) calendar days of the grievance response. *Id.* Failure to do so will result in the appeal being abandoned. *Id.* After receiving the appeal response, the offender has exhausted the grievance process. *Id.*

In his second amended complaint, plaintiff alleges retaliation for being dropped from a treatment program at FTC.   He asserts that defendants Palmer and Figge had conversations with him outside of the termination hearing relating to a prior lawsuit he had filed against another defendant and about his prior negative behaviors in the treatment program.   He further alleges that defendant Finch was on the hearing panel, along with defendant Gomas, who recommended plaintiff be dropped from the program after having been there only twenty-three (23) days, allegedly due to "lack of therapeutic gain."   He states that defendant Colligan ultimately signed off on the hearing panel's decision.   Plaintiff further claims that defendant Figge verbally

6

harassed him after he had already been terminated from the program by Finch and Gomas, and in fact, he states in his second amended complaint, that it wasn't until after he had filed his IRR that defendant Figge saw him and threatened him.

In the IRR filed by plaintiff on August 9, 2013, plaintiff states:

s/ are being terminated beyond a reasonable doubt for a past incident while here in the FTC program back in Aug. 2010. Evidence of retaliation will be attached. Read attached paper – pg. one – (1).

Statement of Problem
On about 8/2/2013, or sooner, s/ spoken with Mr. J. Colligan (director) regarding his placement being in treatment. s/ was told that he was being terminated and that Mr. Colligan was not gonna change his final disposition. During this meeting a lot of other things was said that s/ only feel should be later addressed inside his "offender grievance," please see attached documents later.

Actions Requested: Plaintiff be placed back in the FTC program and not be terminated because s/ did nothing wrong and feel he is only being terminated due to an old incident that took place back in Aug. 2010, here at FTC. s/ feels beyond a reasonable doubt he is also being terminated due to a pending complaint in the federal court system. s/ should have not been terminated within (23 days) for "lack of therapeutic gain" when he had no conduct violations, no Dis-Ag (Hole) time, nor under any investigations. s/ completed all work handed down to him and attended all courses and groups.

Plaintiff failed to properly exhaust his administrative remedies within the confines of the Missouri Department of Corrections' grievance system. First, plaintiff only names defendant Colligan in his IRR.[4] Plaintiff failed to name defendants Jason Finch, Rhonda Palmer, Michelle Gomas or Margaret Figge, or address any of these defendants' personal actions in his IRR. In addition, as plaintiff has admitted in his response briefs before this Court, he failed to *timely* file a grievance against any of the aforementioned defendants, including defendant Colligan. The record shows that plaintiff received a response to his IRR on September 3, 2013. However, he did not

---

[4] To the extent that plaintiff raises "retaliation with regard to his behavior in 2010," these allegations are vague and untimely.

file his grievance until September 20, 2013, more than the seven (7) calendar days he was allowed under the policy. By this point, plaintiff had already filed the instant lawsuit. Thus, defendants had not had an opportunity to address plaintiff's issues prior to his claims being brought before this Court, and the grievance process had not yet come to a conclusion.

Plaintiff argues that he was excused from the exhaustion required under the PLRA, as he was prevented from exhausting his administrative remedies when the Department of Corrections did not file or respond to his IRR in what he perceived to be a *timely manner*. Defendants contend that plaintiff does not offer any evidence creating a genuine issue of material fact as to whether he was prevented from exhausting his remedies.

Within the Eighth Circuit, inmates are only excused from complying with an institution's grievance procedures when (1) prison officials have prevented them from utilizing prison grievance procedures; or (2) when officials themselves have failed to comply with the procedures. *Wewerka v. Roper,* No. 4:09CV1973 CDP, 2010 WL 4628093, at * 5 (E.D.Mo. Nov. 8, 2010) (citing *Gibson v. Weber,* 431 F.3d 339, 341 (8th Cir.2005). "A plaintiff must present some evidence, other than mere conclusory statements to demonstrate that he was precluded from fully exhausting his administrative remedies." *Hahn v. Armstrong,* No. 1:08CV169 LMB, 2010 WL 575748, at *4 (E.D.Mo. Feb. 11, 2010) (citing *Gibson,* 431 F.3d at 341); *Wewerka,* 2010 WL 4628093 at *5.

Plaintiff states that he believes he was not given a timely response to his IRR because "the FTC staff knew [a lawsuit] was going to be filed against them." However, plaintiff does not support his conclusory assertions with any evidence, and plaintiff' essentially admits that he simply waited for a response to his IRR before continuing on with filing his grievance. Plaintiff has not offered any evidence to contradict the MDOC policy that states that if an offender does not

8

receive a response within forty (40) days, the offender is allowed to move to the next stage of the process and file a grievance. *See* Department Manual, D5–3.2, § III.K.9. Plaintiff's ignorance of the policy is simply not enough to thwart summary judgment on this matter. Moreover, plaintiff has not provided any explanations as to his failure to fully exhaust his remedies prior to bringing the matter before this Court.

In the absence of any supporting probative evidence, the Court concludes that plaintiff has not created a genuine issue of material fact as to whether he was *precluded* from exhausting his administrative remedies. Because no genuine issue of disputed material fact exists regarding whether plaintiff exhausted his administrative remedies prior to filing the instant lawsuit against defendants in Federal Court, plaintiff's claims against defendants will be dismissed pursuant to 42 U.S.C. § 1997e(a).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for stay [Doc. #27] is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment [Doc. #24] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants are **DISMISSED** with prejudice pursuant to 42 U.S.C. § 1997(e).

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED AS MOOT**.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 23rd day of June, 2014.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE